IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

**FILED**

**December 4, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

STEPHEN P. KOPELS, )
)
    Plaintiff/Appellant )     NO. 01A01-9711-CV-00646
)
v. )     HON. MURIEL ROBINSON
)     JUDGE
KATHERINE ANNETTE BRYANT, )
)
    Defendant/Appellee )     AFFIRMED

David M. Zolensky, Nashville, for Appellant.
Dot Dobbins, Nashville, for Appellee.

# MEMORANDUM OPINION[1]

_____INMAN, Senior Judge

This is a domestic relations case. The appellant complains of the award of the residence to the appellee, and the award of the attorney's fees. Our review of the findings of fact made by the trial Court is _de novo_ upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); _Campbell v. Florida Steel Corp._, 919 S.W.2d 26 (Tenn. 1996). Where there is no conflict in the evidence as to any material fact, the question on appeal is one of law, and the scope of review is _de novo_ with no presumption of correctness accompanying a chancellor's conclusions of law. _Union Carbide Corp. v. Huddleston,_ 854 S.W.2d 87 (Tenn. 1993).

[1]**Affirmance Without Opinion - Memorandum Opinion.** (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]

The parties were married seventeen years. They have two minor children. The trial judge found that the appellee provided the principal sustenance for the family, and that her separate, substantial estate was dissipated by the appellant, whose lifestyle was beyond his financial means. The award of attorney fees was essentially driven by the chronic failure of the appellant to attend hearings, which multiplied the appellee's legal expenses.

Rule 10, Rules of the Court of Appeals, is peculiarly applicable to this case, since we clearly cannot find that the evidence preponderates against the judgment of the trial court and no proper purpose would be served by a recitation of the evidence.

The judgment is affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge